## CAROLINE STANGER v. HENRY STANGER, ETC.[1]

July 7, 1922.

No. 22,917.

**Antenuptial contract set aside as inequitable.**

The evidence sustains the finding of the trial court that an antenuptial contract was made in a confidential relation, the wife relying upon her husband, without a full disclosure, and that it was inequitable, and should be set aside.

Action in the district court for Stearns county to set aside an antenuptial contract. The case was tried before Roeser, J., who

[1]Reported in 189 N. W. 402.

made findings and ordered judgment in favor of plaintiff. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*Hubert Hansen* and *J. D. Sullivan*, for appellant.

*P. B. Gorman*, for respondent.

DIBELL, J.

Action to set aside an antenuptial agreement made in March, 1897, between the plaintiff and Christian Stanger, now deceased. There were findings for the plaintiff, and the defendant, the executor of the deceased, appeals from the order denying his motion for a new trial.

The plaintiff and the deceased were married on March 4, 1897. She was then 58 years old. He was 66. He died in February, 1920, at the age of 89. The antenuptial agreement in question purports to have been executed on March 2, 1897. It gave the plaintiff a life estate in a lot in St. Cloud upon which there were two houses, one occupied by the defendant at the time of his marriage and afterward occupied by the plaintiff and the defendant as their homestead, and the use of his household furniture for life. The plaintiff had been twice married. Both of her husbands had died. She had several children by her first husband. The defendant had been married before. His wife was dead. He had several children. After the marriage a portion of the lot, including one of the houses, was sold and the proceeds of the money taken by the defendant. About that time he made a will in which he gave the plaintiff $1,000. Later he made a will in which he gave his wife $1,200. The provisions in the two wills were apparently made because of the sale of a portion of the homestead.

The court found that the contract was not equitable and was not made upon such disclosure as the law requires when there is a confidential relation, which the court also found, and that it was made in reliance upon her husband.

The plaintiff and the deceased had been acquainted for some time, at least in a casual way. They belonged to and attended the same church. The plaintiff attended the funeral of the decedent's wife.

Their engagement was something like nine months prior to marriage. Some measure of a confidential relation existed between them.

If there was a confidential relation there was a duty of disclosure. It does not appear that any particular disclosure was made. Indeed, very little appears as to what his property then was except by inference from the fact that he was a retired farmer, and was living on property which he owned in St. Cloud. The evidence shows that the present value of the estate is about $21,000. Nothing was said to the plaintiff about her legal rights in his property in the event of marriage. She claims that she thought she was to have title to the homestead property. She had no counsel. The plaintiff came from Germany when she was 18 and speaks English indifferently. She is without business experience. She was not a match for her husband in making such an agreement, and, as before said, had no counsel while he had. She claims that she did not know that such an agreement was intended until her husband took her to his lawyer's office to sign it. The testimony of the lawyer is that he had several conversations with the husband on different days, that when the two came to his office he wrote the agreement, and that it was read and explained to her. We reach the conclusion, though with some hesitation, that the question was one of fact for the trial court upon the question whether the contract was equitably and fairly made, in a confidential relation, upon such disclosure as the law requires.

Antenuptial agreements are rather favored than disfavored; but where a confidential relation exists they must be equitable and without a wrong advantage taken, and upon a fair disclosure. The cases were recently reviewed and discussed in Malchow v. Malchow, 143 Minn. 53, 172 N. W. 915, where an antenuptial agreement was held valid by the trial court and its holding sustained by this court; and in Welsh v. Welsh, 150 Minn. 23, 184 N. W. 38, where such an agreement was held invalid by the trial court and its holding sustained by this court. No discussion of the cases is justified here.

Order affirmed.